IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HART TISDALE,                          )
                                       )
             Plaintiff,                )       Case No. 04-1322-HO
                                       )
             v.                        )       ORDER
                                       )
Commissioner of Social Security,       )
                                       )
             Defendant.                )
_____)

     Plaintiff filed this proceeding pursuant to section 205(g) of

the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g),

to obtain judicial review of the Commissioner's final decision

denying plaintiff's application for Social Security Disability

Benefits.  Plaintiff asserts disability beginning on February 20,

1981, based primarily on chronic schizophrenia.  The administrative

law judge (ALJ) found plaintiff not disabled following a hearing.

     Plaintiff contends the ALJ erred by failing to consider

plaintiff's condition longitudinally, failing to consider medication side effects, improperly rejecting plaintiff's testimony, and improperly considering disability at step 3.

Plaintiff's last date insured was September 30, 1992. Plaintiff contends that while the ALJ conceded that plaintiff may currently be disabled, the ALJ failed to consider medical records dated after plaintiff's last date insured which relate back to the onset of plaintiff's illness.

The record is not clear as to onset date for disability and the ALJ appears to simply treat the date last insured as a cut-off for evidence to determine an onset date for disability.

The Commissioner relies heavily on the fact that plaintiff's sporadic work history since his alleged onset date qualified as substantial gainful activity in 1982, 1983, 1984 and 1989 as basis for refuting any inference that plaintiff was disabled prior to his date last insured. The Commissioner also relies on a lack of statements in the medical records conclusively stating that plaintiff's limitations between 1981 and 1992 demonstrated disability. However, the post 1992 medical records makes several references to severe psychiatric conditions with psychotic features well prior to 1992. See, e.g., Tr. 373. The post 1992 medical records do provide substantial support for then existing disability and references to pre-1992 disability. The record in regard to onset date needs further development so that the ALJ can make an

informed inference. See SSR 83-20; Morgan v. Sullivan, 945 F.2d 1079, 108283 (9th Cir. 1991); Delorme v. Sullivan, 924 F.2d 841, 848 (9th Cir. 1991).

While the record does indicate substantial gainful activity during a period after alleged disability, it also demonstrates erratic work history consistent with plaintiff's alleged disability and stoppage in all work activity prior to the date last insured. Accordingly, the work activity alone does not conclusively demonstrate an ability to work as of the date last insured. Therefore, a remand is necessary to develop the record regarding an onset date for disability and whether that onset date occurred prior to the date last insured considering all the medical evidence including post-1992 medical regards and the help of a medical advisor if necessary in accordance with SSR 83-20.

The failure to fully consider the medical evidence, as noted above, also calls into question the ALJ's treatment of plaintiff's testimony. In addition, it is uncertain from the ALJ's decision whether he fully considered plaintiff's daily activities. Moreover, the ALJ did not consider the alleged side effects from plaintiff's medications. The record needs further development with regard to plaintiff's testimony and whether it establishes disability prior to the date last insured.

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court.

Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone

v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate

where further proceedings would be likely to clear up defects in

the administrative proceedings, unless the new proceedings would

simply serve to delay the receipt of benefits and are unlikely to

add to the existing findings. McAllister v. Sullivan, 880 F.2d

1086 (9th Cir. 1989). The record is deficient with respect to the

onset of any disability plaintiff may suffer that prevents him from

working. The Administration is in the best position to evaluate

the post-1992 medical evidence as it relates to plaintiffs's

condition prior to the date last insured and to gather additional

relevant evidence if necessary to infer an onset date.


## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of

the Commissioner is reversed and the case remanded for further

consideration.


DATED this ___12th___ day of ___July___, 2005.

_Michael R. Hogan_
UNITED STATES DISTRICT JUDGE


4 - ORDER